**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

DARREN JAMES BURTON PLAINTIFF

v. 4:26-cv-00829-DPM-JJV

WHITE COUNTY; *et al.* DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I. INTRODUCTION

Plaintiff Darren James Burton is a prisoner who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient

to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

**II. DISCUSSION**

Plaintiff is a convicted prisoner currently waiting at the White County Detention Facility (WCDF) to be transferred to the Arkansas Department of Corrections (ADC).[1] Plaintiff objects to serving a portion of his sentence at the WCDF and says numerous Defendants have violated his unspecified constitutional rights by failing to transport him to the ADC sooner, where he can participate in rehabilitative programs. (Doc. 1.) As relief, Plaintiff seeks an Order directing his release on parole, requiring the ADC to offer rehabilitative programs to convicted prisoners being held in county jails, forcing county courts to sentence offenders to probation or the Department of Community Corrections, and other forms of equitable relief. (*Id.*)

A § 1983 action must be premised on the violation of a constitutional right. 42 U.S.C. § 1983; *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022). Prisoners do not have a constitutional right to serve their sentence in the facility of their choosing or to participate in rehabilitative programs. *See Olim v. Wakinekona,* 461 U.S. 238, 245-48 (1983); *Saylor v. Nebraska,* 812 F.3d 637, 646 (8th Cir. 2016); *Persechini v. Callaway*, 651 F.3d 802, 807-08 (8th Cir. 2011); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996). Similarly, there is no constitutional right to be released on parole, which is a discretionary decision under Arkansas statutes. *Sera v. Zimmerman*, No. 25-2564, __ F.4th __, 2026 WL 2527318 (8th Cir. Aug. 27, 2026). For these reasons, I conclude Plaintiff has failed to

[1]According to the ADC website, on August 26, 2026, Plaintiff was sentenced to seven years in prison. *See* ADC website, https://inmate.ark.org/index.php/190595-8134780.

plead a plausible claim for relief.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice.

2. In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 1st day of October 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE